# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: FARXIGA (DAPAGLIFLOZIN)**
**PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2776

## TRANSFER ORDER

**Before the Panel:**[*]  Plaintiff in an action (*Aron*) pending in the Southern District of New York moves to centralize eighteen actions in that district or, in the alternative, the Eastern District of Pennsylvania or the Southern District of Illinois.  As listed on the attached Schedules A and B, thirteen of the actions are pending in the Southern District of New York, with one action each in the Southern District of Alabama, the Southern District of Illinois, the Eastern District of Louisiana, the Northern District of Mississippi, and the Eastern District of Pennsylvania.  The Panel has been informed of five additional federal actions involving related issues.

The eighteen actions involve allegations that ingestion of the drug Farxiga may cause a variety of injuries, including diabetic ketoacidosis and kidney damage, and that defendants Bristol-Myers Squibb Co., AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca PLC, and AstraZeneca AB (collectively, Bristol-Myers/AstraZeneca), which developed, manufactured, and marketed the drugs, failed to adequately test the drugs and warn of their risks.  Farxiga and its sister drug Xigduo XR[1] belong to a class of diabetes drugs known as Sodium Glucose Cotransporter 2 (SGLT2) inhibitors.  Other SLGT2 inhibitors include Invokana (canagliflozin) and Jardiance (empagliflozin).  Of the eighteen actions, only one, the Eastern District of Pennsylvania *Seay* action, is a so-called "combination case" – an action involving ingestion of not only Farxiga and Xigduo XR but also Invokana.  (*Seay* is listed on the attached Schedule B.)

All responding plaintiffs support centralization.  Bristol-Myers/AstraZeneca opposes centralization, and, if an MDL is created, opposes inclusion of any combination cases such as *Seay* in the MDL.[2]  Also, if the Panel orders centralization, Bristol-Myers/AstraZeneca argues for selection of the District of Delaware or the Southern District of New York as transferee district. Defendant Janssen Pharmaceuticals, Inc. (Janssen), which makes Invokana and is sued only in *Seay*,

---

[*]  Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]  The active ingredient in Farxiga is dapagliflozin, while Xigduo XR contains both dapagliflozin and metformin.

[2]  The issue of inclusion in the proposed MDL of the Invokana-related claims in *Seay* is moot, as those claims recently were transferred to MDL No. 2750, In re: Invokana (Canagliflozin) Products Liability Litigation, which is pending in the District of New Jersey.

-2-

takes no position on centralization, but argues that if an MDL is created, the Panel should treat any "combination cases" such as *Seay* as it did in centralizing the Invokana litigation this past December – *i.e.*, separating and remanding claims involving other SLGT2 inhibitors to their respective transfer courts. In addition, Janssen notes that because *Seay* was removed from state court on Class Action Fairness Act (CAFA) "mass action" grounds, it cannot be transferred to another district under Section 1407, absent a request by the *Seay* plaintiff.[3]

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of these cases will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share factual questions arising from allegations that taking Farxiga or Xigduo XR may result in patients suffering kidney-related injuries, such as diabetic ketoacidosis and kidney damage. The actions thus implicate numerous common issues concerning the development, manufacture, testing, regulatory history, promotion, and labeling of the drugs. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on *Daubert* issues and other pretrial matters, and conserve the resources of the parties, their counsel, and the judiciary.

We select the Southern District of New York as transferee district for this litigation. Bristol-Myers Squibb Co. is headquartered in New York, and thus many witnesses and relevant documents are likely to be found in or near the district. In addition, thirteen of the constituent actions are pending in that district, as are four tag-along actions. Finally, centralization in the Southern District of New York enables us to assign the litigation to Judge Lorna G. Schofield, an able and experienced jurist who has not had the opportunity to preside over an MDL. Judge Schofield already is presiding over the constituent and tag-along actions pending in the district, and we are confident that she will steer this litigation on a prudent course.

---

[3] *See* 28 U.S.C. § 1332(d)(11)(C)(i) ("Any action(s) removed to Federal court pursuant to this subsection shall not thereafter be transferred to any other court pursuant to section 1407, or the rules promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section 1407."). We agree with Janssen, and therefore will not transfer the Farxiga and Xigduo XR claims in *Seay* at this time. We note that the *Seay* plaintiff earlier requested transfer of his Invokana claims to MDL No. 2750, and that those claims were transferred, via an unopposed conditional transfer order, on March 29, 2017.

-3-

     IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable Lorna G. Schofield for coordinated or consolidated pretrial proceedings.

     IT IS FURTHER ORDERED that transfer of the *Seay* action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

                        *Sarah Vance*
_____
                        Sarah S. Vance
                          Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | R. David Proctor |
| Catherine D. Perry | |

**IN RE: FARXIGA (DAPAGLIFLOZIN)**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 2776

## SCHEDULE A

Southern District of Alabama

FORAN v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-00471

Southern District of Illinois

BLEDSOE v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 3:16-01295

Eastern District of Louisiana

MOORE v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 2:16-16809

Northern District of Mississippi

YOUNG v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 4:16-00108

Southern District of New York

WARNER v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-08187
HUDSON, ET AL. v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-08888
POPWELL v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-08915
DOTY, ET AL. v. BRISTOL-MEYERS SQUIBB CO., ET AL., C.A. No. 1:16-08951
PONCE v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-08959
FOWLER, ET AL. v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-08960
PEREZ, ET AL. v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-08961
PROSSER v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-08962
BURKETT, ET AL. v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-08985
ASSAVEDO v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-09330
COLLINS v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-09722
ARON v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-10003
CORMIER v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 1:16-10046

**IN RE: FARXIGA (DAPAGLIFLOZIN)**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 2776

**SCHEDULE B**

<u>Eastern District of Pennsylvania</u>

SEAY v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 2:16-05946